STATE OF VERMONT

ENVIRONMENTAL COURT



Appeal of Yates and Leete         }        Docket No. 158-9-04 Vtec

### Decision and Order on Motion to Dismiss or for Summary Judgment

Appellants Milton H. Yates, Elizabeth A. Yates, and Marsha N. Leete appealed from a decision of the Development Review Board (DRB) of the Town of St. Albans approving a site plan amendment of a planned residential development. Appellants are represented by Appellant Milton H. Yates, Esq.; Appellee-Applicants Robert and Nancy Cioffi are represented by Joseph F. Cahill, Jr., Esq.; and the Town is represented by David A. Barra, Esq. Appellee-Applicant has moved to dismiss each of the questions in the Statement of Questions, or in the alternative has moved for summary judgment. The following facts are undisputed unless otherwise noted.

Appellee-Applicants originally owned a large parcel of land on the north side of Congress Street, for which they previously received approval for development of a planned residential development, apparently known as the Eastview planned residential community, on a portion of the land. Neither party has provided either the scope of the original parcel or the most recently amended site plan for the PRD.

As originally approved, the PRD included two multi-unit buildings. Appellee-Applicants assert that an amendment approved by the then-Planning Commission on March 18, 1999, replaced one multi-unit building with a single-family house, and replaced the other multi-unit building with a duplex identified as Units 3 and 4. We infer from Questions 23, 24 and 33 through 36 of Appellant's statement of questions that Appellants contest whether that amendment occurred[1].

---

[1] If this fact is not disputed, but instead the parties dispute the legal consequences of this fact, then these issues may be suitable for summary judgment. Please advise the Court at the May 20, 2005 conference as to whether either party will be seeking summary

It also appears from Questions 8 through 17 and 24 through 31 of Appellant's statement of questions relating to condominium ownership that at least the residential units are held in condominium ownership, but it appears to be disputed[2] between the parties whether the land within each lot (but beyond a line two feet from the building foundation wall for each building) forms part of the common elements or part of that unit.

Appellee-Applicants assert that they own Units 3 and 4, and that the PRD has been fully built out except for Units 3 and 4. Appellee-Applicants also assert that they have not yet executed a deed to the homeowners' association for the remaining common land, nor to the Town of St. Albans for a 10.89-acre parcel located just easterly of the PRD. It is not clear to the Court how that 10.89-acre parcel relates to the PRD itself, nor whether the most recently amended site plan (prior to the amendment at issue in the present appeal)

The present application submitted by Appellee-Applicants sought amendment of the approved plan to eliminate the duplex unit approved for Units 3 and 4 and instead to approve a single family home for that location. The president of the Eastview Planned Residential Community submitted a letter dated July 22, 2004, stating that the Board had "no problem with" the substitution of a single-family house for a two-unit town house.

Appellants have filed sixty-seven questions in their Statement of Questions, grouped into three main categories: Owner(s) of Record, Prior Changes in the Eastview PRD,

---

judgment on these issues, if they remain in the amended statement of questions to be filed by May 17, 2005.

[2] If this fact is not disputed, but instead the parties dispute the legal consequences of this fact, then these issues may be suitable for summary judgment. Please advise the Court at the May 20, 2005 conference as to whether either party will be seeking summary judgment on these issues, if they remain in the amended statement of questions to be filed by May 17, 2005.

Current DRB Action, and eight "ancillary" questions. Appellee-Applicants have moved to dismiss them all. While Appellee-Applicants have also moved in the alternative for summary judgment as to all of them, they have not provided sufficient supporting materials regarding the 1999 Planning Commission action to allow the Court to rule on the summary judgment motion.

First we must note that the only matters before the Court are whether or not the application to amend the site plan for Units 3 and 4 should be approved, so as to allow a single-family house rather than a duplex in that location, and also whether a 6-foot variance[3] should be granted. It is within the scope of the Court's task to determine whether the application was properly submitted by the appropriate parties, and whether it meets the requirements in the bylaw for approval. While it is not within the scope of this proceeding for the Court to revisit whether earlier decisions of the DRB (or the then-Planning Commission or ZBA) should have been granted, as long as they have become final; it is within the scope of this proceeding for the Court to determine whether such earlier decisions did become final. It is also not within the scope of this proceeding or within the jurisdiction of the Court to determine private property rights as between the parties; such actions must be brought in Superior Court.

Questions 1, 2 and 3

Leave is granted to Appellants to amend Questions 1 through 3 to raise the issue they appear to have as to whether Appellee-Applicants' application meets the requirements of the Zoning Bylaws as to the identity of the applicant. Any such amended questions shall be filed on or before May 17, 2005, as provided in the final paragraph of this Order. As

_____

[3]It is not possible for the Court to determine from the application in what respect or for which setback the so-called "variance" was requested, or whether the application was requesting a variance under §305.5 or a modification of the bylaw requirements under §417.1. The setback at issue appears to be the Congress Street setback for the PRD.

3

written, Questions 1 through 3 seek impermissible advisory opinions and are dismissed.

<u>Questions 4, 6, 32 through 39, 43, 44, 49, 53 through 56, 59 and 64</u>

Questions 4, 6, 32 through 39, 43, 44, 49, 53 through 56, 59 and 64 are hereby dismissed. The matter before the Environmental Court is <u>de novo</u>. The Court will consider the relevant evidence and make its own determination of any issue material to the application, and will consider whether any conditions are appropriate to be imposed. Leave is granted to Appellants to amend their Statement of Questions to raise the issues they appear to have as to whether the next-most-previous site plan amendment (deleting the five-unit buildings and replacing them with two-unit buildings) was properly approved or recorded or became final, and whether it may or may not be challenged, directly or indirectly, in the present appeal. Any such amended questions shall be filed on or before May 17, 2005, as provided in the final paragraph of this Order.

<u>Question 7</u>

Question 7 does not state a question for the Court's resolution; it is instead a statement of the evidence that may or may not be relevant to an issue in this appeal; it is hereby dismissed. To the extent that it states the underlying factual basis for Appellants' apparent argument that some earlier version of the site plan is in effect, leave is granted to Appellants to amend their Statement of Questions to raise that issue in a form that the Court can understand and the other parties can address, whether on summary judgment or at trial. Any such amended questions shall be filed on or before May 17, 2005, as provided in the final paragraph of this Order.

<u>Questions 5, 8, and 10 through 22</u>

Question 5 calls for an impermissible advisory opinion and is hereby dismissed. Questions 8 and 10 through 22 state facts regarding the property history of the PRD that may be relevant to Appellants' argument as to the ownership of the common areas and the PRD easement, but they do not state issues requiring resolution in this appeal, and are hereby dismissed. If those questions represent any property dispute under the Condominium Ownership Act, they must be resolved in Superior Court. If they are

4

undisputed facts merely intended to be presented as evidence to support Appellants' position as to the ownership of the area within each lot but outside a line two feet beyond the building foundation wall for each building, such evidence may be presented on summary judgment or at trial, as appropriate, without being stated as a question for the court's resolution.

Questions 9, 27, 29, 60 and 63

The resolution of Questions 9 and 60 are beyond the jurisdiction of the Environmental Court; accordingly, they are hereby dismissed. If those questions represent property disputes under the Condominium Ownership Act or otherwise, such disputes must be brought in Superior Court. If Question 9 is undisputed and is merely presented as evidence to support Appellants' position as to the ownership of the area within each lot but outside a line two feet beyond the building foundation wall for each building, such evidence may be presented on summary judgment or at trial, as appropriate, without being stated as a question for the court's resolution. Questions 27, 29, and 63 merely state quotations from the text of state statutes relating to condominium or common interest ownership regimes. They do not present any issues for this Court to resolve, and are hereby dismissed.

Question 23

As this is not a zoning enforcement action regarding the five-unit buildings, Question 23 is hereby dismissed.

Questions 24, 25, 26, 28, 30, 31, 40, 41 and 42

Questions 24, 25, 26, 28, 30, 31, 40, 41 and 42 do not state questions for the Court's resolution; rather, they are statements of the evidence that may or may not be relevant to an issue in this appeal. They are hereby dismissed. To the extent that these questions state the underlying factual basis for Appellants' apparent argument that the proposed building on Units 3 and 4 encroaches into common area held by the condominium owners, leave is granted to Appellants to amend their Statement of

5

Questions to raise that issue in a form that the Court can understand and the other parties can address, whether on summary judgment or at trial. Any such amended questions shall be filed on or before May 17, 2005, as provided in the final paragraph of this Order.

Questions 45, 46, 47, 48, 50 and 51

Question 48 calls for an impermissible advisory opinion and is hereby dismissed. Leave is granted to Appellants to amend Questions 45, 46, 47, 50 and 51 to raise the issues implied by those questions as to whether the variance procedure or the PRD bylaw modification procedure properly applies to this application. Any such amended questions shall be filed on or before May 17, 2005, as provided in the final paragraph of this Order. As written, Questions 45, 46, 47, 50 and 51 seek impermissible advisory opinions and are dismissed.

Question 52

To the extent that Question 52 is intended to raise the issue of whether conditions should be imposed regulating the architecture or aesthetics of the building proposed for Units 3 and 4 in this appeal, leave is granted to Appellants to amend their Statement of Questions to raise that issue in a form that the Court can understand and the other parties can address, whether on summary judgment or at trial. Any such amended questions shall be filed on or before May 17, 2005, as provided in the final paragraph of this Order.

Questions 61 and 62

Questions 61 and 62 relate to the 10.89-acre parcel. It is unclear to the Court how this parcel relates to the application regarding Units 3 and 4 that is before the Court; accordingly, Questions 61 and 62 are dismissed as calling for impermissible advisory opinions. However, leave is granted to Appellants to amend their Statement of Questions to raise any relevant issue regarding the 10.89-acre parcel in a form that the Court can understand and the other parties can address, whether on summary judgment or at trial. Any such amended questions shall be filed on or before May 17, 2005, as provided in the final paragraph of this Order.

6

<u>Questions 57, 58, 65, 66, and 67</u>

We address only the portions of Questions 57 and 58 relating to the Environmental Court, as the matter is <u>de novo</u> before the Court. Questions 57, 58, 65, 66 and 67 call for impermissible advisory opinions, and are hereby dismissed. The parties' attention is called to 4 V.S.A. §1001(b) and to the Vermont Rules for Environmental Court proceedings, for guidance on these issues.

Accordingly, Appellee-Applicants' Motion to Dismiss is GRANTED, without prejudice to Appellants' filing amended questions so that they are received at the Court and by the other parties on or before 4:00 p.m. on Tuesday, May 17, 2005. Because we cannot determine whether there are any facts in dispute for which the May 31, 2005 hearing is necessary, or, indeed, whether there are any issues in dispute within the scope of this appeal, we will hold a telephone conference on May 20, 2005 at 2:00 p.m. The parties should be prepared to discuss postponing the hearing, reserving a day in late June or early July for the hearing, or setting a schedule for resolving the remaining issues in this matter by summary judgment. On or before 4:00 p.m. on Tuesday, May 17, 2005, Appellants may file an amended Statement of Questions that states the disputed legal issues related to the application that is the subject of in this appeal. Failure to file an amended Statement of Questions will leave in effect the present order's dismissal of all of the questions in the appeal, as discussed in the text of this decision.

Done at Berlin, Vermont, this 4th day of May, 2005.

_____
                    Merideth Wright
                    Environmental Judge

7